**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SAMUEL E. DAVIS,

           Plaintiff,

vs.                                                  Case No. 3:05-cv-1171-J-32TEM

DEPARTMENT OF THE ARMY
HEADQUARTERS, 81ST U.S. ARMY
COMMAND, et al.,

           Defendants.

## **ORDER**[1]

This case is before the Court on Defendant's Motion to Dismiss (Doc. 14). The Court held a hearing on the motion on December 18, 2006, the record of which is incorporated by reference, and at the Court's request, the government filed a supplemental status report (Doc. 23).

Plaintiff filed this suit in November 2005 alleging that the U.S. Army Reserve has wrongfully withheld his retirement benefits. The government has moved for dismissal on the grounds that this Court has no subject matter jurisdiction because plaintiff seeks monetary non-tort based relief in excess of the amount recoverable under the Tucker Act (28 U.S.C. § 1346) and because the statute of limitations has run.[2] The Tucker Act plainly confers

---

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2]Although the government originally argued that plaintiff had also failed to exhaust his administrative remedies, in its supplemental status report (Doc. 23), the government acknowledges that those remedies have been exhausted.

jurisdiction upon federal district courts only where a party's non-tort claim is not in excess of $10,000.00.  28 U.S.C. § 1346.  Non-tort claims in excess of $10,000 may only be brought before the United States Court of Federal Claims, which likewise has authority to issue "orders directing restoration to office or position, [or] placement in appropriate duty or retirement status."  28 U.S.C. § 1491(a)(1) and (2).  As plaintiff's claimed benefits would exceed $10,000 and affect his retirement status, this Court has no subject matter jurisdiction.  Plaintiff's court-appointed counsel candidly acknowledged at the hearing that he has no good faith basis to argue otherwise.  This Court therefore has no occasion to address the statute of limitations issue or any argument as to whether there is any basis upon which it should be tolled, a matter which is properly reserved for the United States Court of Federal Claims, if plaintiff chooses to refile his suit there.  Accordingly, it is hereby

**ORDERED**:

Defendant's Motion to Dismiss (Doc. 14) is **GRANTED**.  Plaintiff's complaint is dismissed for lack of subject matter jurisdiction.  The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of February, 2007.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
counsel of record